IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **THE GOODYEAR TIRE & RUBBER COMPANY AND GOODYEAR INTERNATIONAL CORPORATION,** § § § § | | |
| **Plaintiffs** § | | |
| § | | |
| Vs. § | C.A. NO. 4:11-cv-01668 | |
| § | | |
| **GASCHEM TANA, her engines, tackle, etc.,** *in rem*, **, PARTENREEDEREI MT "NORTHERN BLISS", her owners,** *in personam,* **NSB NIEDERELBE SCHIFFAHRTS GmbH & Co. KG, her managers,** *in personam,* **GASCHEM SERVICES GmbH & Co. KG, her operators,** *in personam,* **and EAGLE AGENCIES (SHIPPING) LTD, her agent,** *in personam,* § § § § § § § § § § § | THIS IS AN ADMIRALITY OR MARITIME CLAIM WITHIN Fed. R. Civ. P. 9(h) | |
| **Defendants** | | |

## PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

The Complaint of THE GOODYEAR TIRE & RUBBER COMPANY AND GOODYEAR INTERNATIONAL CORPORATION against M/T GASCHEM TANA, her engines, tackle, etc., *in rem*, PARTENREEDEREI MT "NOERTHERN BLISS", her owners, *in personam*, NSB NIEDERELBE SCHIFFAHRTS GmbH & Co. KG, her managers, *in personam*, GASCHEM SERVICES GmbH & Co. KG, her operators, *in personam*, EAGLE AGENCIES (SHIPPING) LTD, her agent, *in personam*, and MERITZ FIRE & MARINE INSURANCE CO., LTD., *in personam*, in a cause for loss and damage to cargo, civil and maritime, for tort and breach of contract, alleges upon information and belief as follows:

# I.
# JURISIDICTION

1. This case is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). This Court has jurisdiction over this matter by virtue of its exclusive jurisdiction over maritime cases and 28 U.S.C. §30701, the Carriage of Goods at Sea Act.

# II.
# PARTIES

2. At all times hereinafter mentioned and material hereto Plaintiff, THE GOODYEAR TIRE & RUBBER COMPANY, was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Ohio and was and is now the owner of or had a proprietary interest in 1,3 butadiene.

3. At all times hereinafter mentioned and material hereto Plaintiff, GOODYEAR INTERNATIONAL CORPORATION, was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Delaware and was and is now the owner of or had a proprietary interest in 1,3 butadiene.

4. The *in rem* Defendant, M/T GASCHEM TANA, was and now is a liquefied gas tanker and is or will be during the pendency of this action herein within this district and division and within the jurisdiction of this Honorable Court. At all times material hereto, said vessel was owned and/or managed and/or operated by Defendants, M/T GASCHEM TANA, her engines, tackle, etc., *in rem*, PARTENREEDEREI MT "NOERTHERN BLISS", her owners, *in personam*, NSB NIEDERELBE SCHIFFARTS GmbH & Co. KG, her managers, *in personam*, and GASCHEM SERVICES GmbH & Co. KG, her operators, *in personam*.

5.   Defendant, GASCHEM SERVICES GmbH & Co. KG, was and now is a foreign corporation or other business entity duly organized and existing under and by virtue of the law. Defendant maintains no regular office or place of business and no registered agent for service of process within the State of Texas, but by virtue of its business activities within the State of Texas and pursuant to Rule 4, Federal Rules of Civil Procedure, and the Tex. Civ. Prac. and Rem. Code Ann. §17.044 (Vernon's 1997), it has appointed the Secretary of State for service of process upon whom service for said Defendant may be had. Process may be forwarded by the Secretary of State to the Defendant c/o GASCHEM SERVICES GmbH & Co. KG, Am Sandtorkai 41, 20457 Hamburg, Germany.

6.   Defendant, NSB NIEDERELBE SCHIFFAHRTS GmbH & Co. KG, was and now is a foreign corporation or other business entity duly organized and existing under and by virtue of the law. Defendant maintains no regular office or place of business and no registered agent for service of process within the State of Texas, but by virtue of its business activities within the State of Texas and pursuant to Rule 4, Federal Rules of Civil Procedure, and the Tex. Civ. Prac. and Rem. Code Ann. §17.044 (Vernon's 1997), it has appointed the Secretary of State for service of process upon whom service for said Defendant may be had. Process may be forwarded by the Secretary of State to the Defendant c/o NSB NIEDERELBE SCHIFFAHRTS GmbH & Co. KG, Harburger Str. 47-51, 21614 Buxtehude, Germany.

7.   Defendant, EAGLE AGENCIES (SHIPPING) LTD was and now is a foreign corporation or other business entity duly organized and existing under and by virtue of the law.

Defendant maintains no regular office or place of business and no registered agent for service of process within the State of Texas, but by virtue of its business activities within the State of Texas and pursuant to Rule 4, Federal Rules of Civil Procedure, and the Tex. Civ. Prac. and Rem. Code Ann. §17.044 (Vernon's 1997), it has appointed the Secretary of State for service of process upon whom service for said Defendant may be had. Process may be forwarded by the Secretary of State to the Defendant c/o EAGLE AGENCIES (SHIPPING) LTD, Suite 2303, International Insurance Building, 120, 5-ka Namdaemun Rd, Chung-ku, Seoul, Korea.

8. Defendant, PARTENREEDEREI MT "NORTHERN BLISS", was and now is a foreign corporation or other business entity duly organized and existing under and by virtue of the law. Defendant maintains no regular office or place of business and no registered agent for service of process within the State of Texas, but by virtue of its business activities within the State of Texas and pursuant to Rule 4, Federal Rules of Civil Procedure, and the Tex. Civ. Prac. and Rem. Code Ann. §17.044 (Vernon's 1997), it has appointed the Secretary of State for service of process upon whom service for said Defendant may be had. Process may be forwarded by the Secretary of State to the Defendant c/o PARTENREEDEREI MT "NORTHERN BLISS", Harburger Str. 4, 21614 Buxtehude, Germany.

9. Defendant, MERITZ FIRE & MARINE INSURANCE CO., LTD, was and now is a foreign corporation or other business entity duly organized and existing under and by virtue of the law. Defendant maintains no regular office or place of business and no registered agent for service of process within the State of Texas, but by virtue of its business activities within the State of Texas and pursuant to Rule 4, Federal Rules of Civil Procedure, and the Tex. Civ. Prac.

and Rem. Code Ann. §17.044 (Vernon's 1997), it has appointed the Secretary of State for service of process upon whom service for said Defendant may be had. Process may be forwarded by the Secretary of State to the Defendant c/o MERITZ FIRE & MARINE INSURANCE CO., LTD, 825-2 Yeoksam-Dong, Gangnam-Gu, 135-080, Seoul, Korea

## III.
## FACTS

9.  On or about March 19, 2010, The Goodyear Tire & Rubber Company and Goodyear International Corporation (collectively "Goodyear") contracted with Alba Corporation ("Alba") for the purchase of approximately 10,000,000 pounds of 1,3 butdiene ("Cargo") to be delivered to Goodyear in Houston, Texas.

11. On or about March 23, 2010, Alba contracted with Gaschem Services GmbH & Co. KG ("Gaschem"), NSB Niederelbe Schiffahrts GmbH & Co. KG ("Niederelbe"), Partenreederei MT "NORTHERN BLISS" ("Partenreederei"), and/or Eagle Agencies (Shipping) Ltd. ("Eagle") to transport the Cargo from Dasean, Korea to Houston, Texas.

12. Accordingly, Gaschem, Niederelbe, Partenreederei, and/or Eagle provided the M/T GASCHEM TANA to transport the Cargo from Dasean, Korea to Houston, Texas.

13. On or about March 26, 2010, Gaschem, Niederelbe, Partenreederei, and/or Eagle represented to Donghwa Surveyors & Adjusters Corporation ("Donghwa") that the previous cargo aboard the vessel was nitrogen but that the tanks of the vessel had been properly cleaned for the loading of the Cargo.

14. In preparation for the loading of the Cargo, Gaschem, Niederelbe, Partenreederei, and/or Eagle developed the stowage plan for the Cargo, including the amount of Cargo and inhibitor (tertiory butyl catechol ("TBC") to be loaded into each tank of the vessel. After,

Gaschem, Niederelbe, Partenreederei, and/or Eagle loaded the Cargo unto the vessel, Donghwa retrieved samples from each tank and had them tested by HONAM Petrochemicals Corporation ("HONAM"). Donghwa reported the testing to reveal the Cargo to be clean on board.

15. The vessel set sail from Dasean, Korea to Houston, Texas on or about March 27, 2010.

16. The vessel arrived at Houston, Texas on or about April 30, 2010.

17. Upon arrival at Houston, Texas, and before unloading of the Cargo, Goodyear had samples from each tank of the vessel tested by Intek. That testing revealed the Cargo had been seriously injured or damaged and/or contaminated in that certain tanks on the vessel had levels of nitrogen and/or TBC that exceeded the specified limits.

18. These damages were in violation of all Defendants' obligations and duties and of the said vessel's obligations and duties as a carrier of merchandise by water for hire under the general maritime and other applicable laws.

19. On or about March 22, 2010, Meritz Fire & Marine Insurance Co., Ltd. ("Meritz") issued to Alba a marine cargo insurance policy for loss or damage to the cargo. The premium for this policy was charged to and paid for by Plaintiffs. Plaintiffs submitted a claim under this policy to Meritz. Meritz denied that claim.

## IV.
## NEGLIGENCE/UNSEAWORTHINESS/BREACH OF CONTRACT

20. The allegations in Paragraphs 1 – 17 above are incorporated by reference herein for all purposes.

21. The damages to Plaintiffs' Cargo as described above were not caused or contributed to by any fault or negligence on the part of Plaintiffs or those for whom they were

responsible, but rather were caused solely and due solely to the fault and negligence of Defendants and/or the unseaworthiness of the vessel.

22. Moreover, the damages resulted from the breach and violation of the contract of carriage and/or storage by the Defendants and each of them due to, among other things, the failure of the Defendants to exercise due diligence, properly clean and provide a proper storage carriage facility, failure to properly store and load the Cargo, failure to properly protect and safeguard the Cargo from contamination and failure to take all the necessary precautions for the safety and protection of the said shipment.

23. Moreover, the damages resulted from the breach and violation of the contract of carriage by the Defendants and each of them due to, among other things, the failure of the Defendants to exercise due diligence to provide a seaworthy vessel, failure to properly clean the vessel, failure to properly store, stow, load, and carry the Cargo, failure to properly protect and safeguard the Cargo from contamination during carriage, and failure to take all other necessary precautions for the safety and protection of said shipment.

24. Further, the damage to Plaintiffs' Cargo was the direct and proximate result of the acts or failure to act of Defendants, all of which acts or failures to act, among others, constituted breach of contract of storage and/or carriage, breach of contract of bailment and/or breach of implied and/or express warranties and breach of Defendants' duties under general maritime law and all other applicable law.

25. Plaintiffs reserve the right to amend this original Complaint as the evidence may disclose further facts relative thereto.

## V.
## DAMAGES

26. The allegations in Paragraphs 1 – 23 above are incorporated by reference herein for all purposes.

27. By reason of the premise, Plaintiffs pray for damages they have sustained, including but not limited to diminution in value of the Cargo, replacement costs of Cargo, downtime, loss of use, survey and inspection expenses, penalties for delay and other incidental and consequential expenses as nearly as can be estimated at this time in an amount not less than SIX HUNDRED TWENTY-TWO THOUSAND TWO HUNDRED NINETY ONE AND 60/100($622,291.60), NO PART OF WHICH HAS BEEN PAID.

28. Plaintiffs are entitled to recover reasonable and necessary attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, because this is a suit on an oral/written contract.

29. By reasons of these premises, Plaintiffs also pray for recovery for any and all costs, expenses, charges, advances, and fees allegedly incurred by any party in any capacity relative to the incident in this suit, including but not limited to, the reasonable market value of the Cargo, original freight, extra freight, and customs, port and handling charges survey and inspection fees, storage costs, reconditioning expenses and the like.

30. All of the conditions precedent to be performed by Plaintiffs have been performed.

31. All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

## VI.
## Prayer

WHEREFORE, Plaintiffs pray:

That process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against M/T GASCHEM TANA, her engines, tackle, etc., and all persons claiming any right, title or interest in and to the said vessel may be cited to appear and answer upon oath all and singular the matters aforesaid and that the said vessel may be condemned and sold to pay the demands as aforesaid with interest, costs and disbursements, and that this Honorable Court will decree the payment by the said vessel to the Plaintiffs of the damages sustained by them as aforesaid with pre-judgment and post-judgment interest, costs and disbursements;

And that process due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against PARTENREEDEREI MT "NOERTHERN BLISS", her owners, *in personam*, NSB NIEDERELBE SCHIFFAHRTS GmbH & Co. KG, her managers, *in personam*, GASCHEM SERVICES GmbH & Co. KG, her operators, *in personam*, EAGLE AGENCIES (SHIPPING) LTD, and MERITZ FIRE & MARINE INSURANCE CO., LTD, Defendants herein, citing them to appear and answer upon oath all and singular the matters aforesaid and that this Honorable Court may adjudge and decree that the said Defendants pay to the Plaintiffs their damages aforesaid with pre-judgment and post-judgment interest, costs and disbursements;

And that the Plaintiffs, THE GOODYEAR TIRE & RUBBER COMPANY AND GOODYEAR INTERNATIONAL CORPORATION may have such other and further relief, general and special, at law and in equity, to which they show itself justly entitled.

Respectfully submitted,

/s/ Robert P. Vining
DAVID S. BLAND
State Bar No. 00789021
dbland@leblancbland.com
Attorney-in-charge
ROBERT P. VINING
State Bar No. 24049870
rvining@leblancbland.com
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

Of Counsel:

LeBlanc & Bland, P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056

ATTORNEYS FOR PLAINTIFFS,
THE GOODYEAR TIRE & RUBBER COMPANY
AND GOODYEAR INTERNATIONAL
CORPORATION

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

ROBERT P. VINING, being duly sworn, deposes and says:

"I am a member of the firm LeBlanc Bland, PLLC, attorneys for the Plaintiffs herein. I have read the foregoing Original Complaint and know the contents thereof. The same is true to the best of my knowledge except as to matters therein stated alleged upon information and belief, and as to those matters I believe them to be true. The sources of my information and the grounds for my belief are records and documents of the Plaintiffs in my possession as one of its attorneys.

The reason this verification is not made by the Plaintiffs is that they are each corporations, and their representatives are presently unavailable for that purpose."

_____
ROBERT P. VINING

SUBSCRIBED AND SWORN TO BEFORE ME THIS 3d day of May, 2011.

_____
NOTARY PUBLIC in and for
The State of TEXAS

SHELLEY K. BARNETT
Notary Public, State of Texas
My Commission Expires
November 25, 2014